**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Intellectual Ventures II LLC,<br><br>Plaintiff and<br>Counter-Defendant,<br><br>v.<br><br>Great West Casualty Company,<br><br>Defendant and<br>Counter-Claimant. | Civil Action No. 6:15-cv-00060-JRG<br><br>JURY TRIAL DEMANDED |

**GREAT WEST CASUALTY COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counter-Claimant, Great West Casualty Company ("Great West"), by and through its undersigned counsel, hereby respond to the Complaint by Intellectual Ventures II, LLC ("IV II") in the above-referenced civil action with the following Answer and Affirmative Defenses:

IV II provides an unnumbered paragraph prior to the first numbered paragraph of its complaint. All of the statements in the unnumbered paragraph are characterizations that are not factual in nature and thus do not require an admission or denial under the Federal Rules of Civil Procedure. If the statements in the unnumbered paragraph require an admission or denial, Great West is without sufficient knowledge or information to form a belief as to the truth of the statements, and on that basis denies them.

## I. NATURE OF THE SUIT

1. Great West admits that IV II's complaint purports to state claims for patent infringement arising under the laws of the United States, Title 35 of the United States Code. Great West specifically denies any wrongdoing or liability and denies the claims of patent infringement by IV II.

## II. THE PARTIES

2. Great West is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the complaint, and on that basis denies them.

3. Great West admits that Great West is a Nebraska registered corporation having its principal place of business at 1100 West 29th Street, South Sioux City, Nebraska 68776. Great West admits that it is an insurance company that does business nationwide, including in the Eastern District of Texas. Great West admits that its Attorney for Service is David Sargent, 901 Main Street, Suite 5200, Dallas, Texas 75202. Great West denies the remaining allegations of paragraph 3 of the complaint.

## III. JURISDICTION AND VENUE

4. Great West admits that IV II's complaint purports to state claims for patent infringement arising under the laws of the United States, Title 35 of the United States Code. Great West admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Great West specifically denies any wrongdoing or liability and denies the claims of patent infringement by IV II.

5. Great West admits that it maintains contractual relationships with insurance agents, adjusters, and customers nationwide, including within the Eastern District of Texas. Great West admits that insurance agents sell and market Great West insurance services to businesses and individuals nationwide, including within the Eastern District. Great West admits that it collects premium payments from businesses and individuals nationwide, including within the Eastern District. Great West admits that it receives, processes, and adjusts claims based on events that have occurred throughout the United States, including within the Eastern District. Except as expressly admitted, Great West denies the remaining allegations of paragraph 5 of the complaint.

6. Based on IV II's allegations, Great West does not deny that this Court has specific personal jurisdiction over Great West in this case. Great West admits that IV II alleges venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), but Great West denies that this judicial district is the most appropriate forum for this lawsuit. Except as expressly admitted, Great West denies the allegations of paragraph 6 of the complaint.

## IV. BACKGROUND

7. Great West is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the complaint, and on that basis denies them.

8. Great West is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the complaint, and on that basis denies them.

9. Great West is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the complaint, and on that basis denies them.

10. Great West is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the complaint, and on that basis denies them.

11. Great West admits that IV II's complaint purports to state claims of infringement of United States Patent No. 7,516,177 B2, entitled "Apparatus for Distributing Content Objects to a Personalized Access Point of a User Over a Network-based Environment and Method" (the "'177 patent" or "Patent-in-Suit"). Great West is without sufficient knowledge or information to form a belief as to the truth of IV II's allegation that it acquired the '177 patent, and on that basis denies it. Except as expressly admitted, Great West denies the remaining allegations of paragraph 11 of the complaint.

12. Great West admits that IV II has attached to its complaint a document IV II avers is a copy of the '177 patent as Exhibit A. Great West denies that the '177 patent was duly and lawfully issued by the U.S. Patent and Trademark Office. Except as expressly admitted, Great West is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 of the complaint, and on that basis denies them.

13. Great West denies that IV II is entitled to any damages for infringement of the '177 patent. Great West is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 of the complaint, and on that basis denies them.

14. Great West admits that Great West Casualty Company is ultimately wholly-

owned by Old Republic International Corporation. IV II's allegation that Great West is a "member of the Old Republic group of insurance companies" is a characterization that need not be admitted or denied. IV II's allegation that Old Republic International Corporation is a "holding company" is a characterization that need not be admitted or denied.

15. Great West admits that it offers insurance products and services throughout the United States, including Texas. Great West admits that it has a regional office, at 624 Six Flags Drive, Suite 240, Arlington Texas 76011. Great West admits that it maintains contractual business relationships with insurance agencies that maintain offices within the Eastern District of Texas. Great West admits that it maintains contractual business relationships with Capps Insurance Agency in Mount Pleasant, Texas, and Only Insurance Agency in Winnsboro, Texas. Except as expressly admitted, Great West denies the remaining allegations of paragraph 15 of the complaint.

16. Great West admits that it maintains a website that may be accessed at https://ssl.gwccnet.com, and that this website may be accessed by any insurance agent in the United States who maintains contractual business relationships with Great West. Great West also admits that it uses and maintains computer systems and software in the course of its business. Great West denies that it infringes any valid claim of the '177 patent. Except as expressly admitted, Great West denies the remaining allegations of paragraph 16 of the complaint.

## V. CLAIMS

17. Great West re-incorporates the admissions and denials of paragraphs 1-16 as if fully set forth herein.

\

\

18. Paragraph 18 contains no statements that require an admission or denial. If IV II's statement in paragraph 18 requires an admission or denial, Great West denies the allegations of paragraph 18 of the complaint.

**Direct Patent Infringement of the '177 patent**

19. Great West denies the allegations of paragraph 19 of the complaint.

20. Great West denies the allegations of paragraph 20 of the complaint.

21. Great West denies the allegations of paragraph 21 of the complaint. Great West notes that IV II is not alleging that Great West contributes to or induces infringement of the '177 patent.

## VI. NOTICE

22. Great West re-incorporates the admissions and denials of paragraphs 1-21 as if fully set forth herein.

23. Great West admits that by filing and serving its complaint, IV II has given Great West notice that IV II contends that Great West's maintenance and use of the website portal https://ssl.gwccnet.com infringes at least one valid claim of the '177 patent. Except as expressly admitted, Great West denies the remaining allegations of paragraph 23 of the complaint.

## VII. DAMAGES

24. Great West re-incorporates the admissions and denials of paragraphs 1-23 as if fully set forth herein.

25. Great West denies the allegations of paragraph 25 of the complaint.

\

\

\

## AFFIRMATIVE DEFENSES

### First Defense – Non-infringement

26. Great West does not infringe and has not infringed, literally or under the doctrine of equivalents, the claims of the ’177 patent. IV II has not alleged indirect infringement by Great West and Derek Gilliland, counsel for IV II, informed Great West in an email dated January 29, 2015, that “[IV II is] not alleging contributory infringement or inducement of infringement of the ’177 patent by BITCO or Great West Casualty Company.” By responsive email, BITCO, through its counsel, advised IV II that they “appreciate[d] your unambiguous statement that [IV II] is not alleging contributory or inducing of infringement of the ‘177 patent . . . , and will rely upon that representation.”

### Second Defense – Invalidity

27. IV II’s purported claims of infringement of the ’177 patent are barred because the claims of the ’177 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

### Third Defense – Laches

28. IV II’s claims for relief are barred in whole or in part by the equitable doctrine of laches, including but not limited to prosecution history laches.

### Fourth Defense – Limitation on Damages Claim

29. IV II’s damages claims are limited by 35 U.S.C. §§ 286 and 287.

### Fifth Defense - Estoppel

30. IV II’s claims are barred under the doctrine of estoppel, including but not limited to prosecution history estoppel.

**Reservation of All Affirmative Defenses**

31. Great West reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case. Great West reserves the right to further amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in this case.

**JURY DEMAND**

32. Great West requests a jury trial on all issues triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Great West respectfully requests:

A. That the complaint be dismissed in its entirety, with prejudice;

B. That Plaintiff take nothing by way of its complaint;

C. That this case be found to be an exceptional case in Great West's favor pursuant to 35 U.S.C. § 285;

D. That Great West be awarded its reasonable costs in this action, including attorneys' fees and prejudgment and postjudgment interest; and

E. Such other and further relief as the Court deems just and proper.

**************************

**GREAT WEST'S COUNTERCLAIMS**

Defendant and Counter-Claimant, Great West Casualty Company ("Great West"), by and through its undersigned counsel, assert the below Counterclaims against Plaintiff and Counter-Defendant, Intellectual Ventures II, LLC ("IV II"). By asserting these counterclaims, Great West does not waive its objections to jurisdiction and venue.

## THE PARTIES

1. Great West is a Nebraska-registered corporation with its headquarters at 1100 West 29th Street, South Sioux City, Nebraska 68776.

2. On information and belief, Intellectual Ventures II, LLC, is a Delaware limited liability company with its principal place of business at 3150 139th Ave SE, Bellevue, Washington 98005.

3. IV II claims to be the current owner of United States Patent No. 7,516,177 B2 (the "'177 patent" or "Patent-in-suit").

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. IV II has charged Great West with infringement of the Patent-in-suit. Great West has denied the charges of infringement, and has alleged that the Patent-in-suit is invalid. Accordingly, there is an actual and justiciable controversy between Great West and IV II with respect to noninfirngement and invalidity of the Patent-in-suit.

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over IV II because, by virtue of its filing the instant action, it has consented to the jurisdiction of the Court.

8. Venue is proper in this Court because IV II has consented to venue in the Eastern District of Texas by virtue of filing the instant action. The District of Nebraska is a more proper venue for this action, and Great West has filed a motion to transfer to that District.

## FIRST COUNTERCLAIM

**(Declaratory Judgment – Non-infringement of the ’177 patent)**

9. Great West repeats and re-alleges the allegations in Paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10. Great West does not infringe any of the claims of the ’177 patent, either literally or under the doctrine of equivalents.

11. Based on the foregoing, Great West seeks a declaratory judgment that the ’177 patent and each and every claim of the ’177 patent are not infringed by Great West.

## SECOND COUNTERCLAIM

**(Declaratory Judgment – Invalidity of the ’177 patent)**

12. Great West repeats and re-alleges the allegations in Paragraphs 1-13 of its Counterclaims as if fully set forth herein.

13. The claims of the ’177 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1, *et seq.*, including but not limited to sections 101, 102, 103, and/or 112.

14. Based on the foregoing, Great West seeks a declaratory judgment that the ’177 patent and each and every claim of the ’177 patent is invalid.

## JURY DEMAND

15. Great West requests a jury trial on all issues triable by a jury.

\

\

\

\

**PRAYER FOR RELIEF**

WHEREFORE, Great West prays that the Court deny all of the requests for relief specified by Intellectual Ventures II, LLC in the Complaint and respectfully demands judgment as follows:

A. Judgment finding that Great West has not infringed and does not infringe any claims of the ’177 patent, including either literally or under the doctrine of equivalents;

B. Judgment that each and every claim of the ’177 patent is invalid pursuant to 35 U.S.C. §§ 1, *et seq.*;

C. Judgment finding this to be an exceptional case as against Intellectual Ventures II, LLC, and awarding Great West its fees and expenses in the action, including reasonable attorneys’ fees and prejudgment and postjudgment interest; and

D. Such other relief as the Court may deem just and proper.

Dated: March 18, 2015

*/s/ Vernon M. Winters*

**Vernon M. Winters**
California State Bar No. 130128
vwinters@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
Facsimile: 415.772.7400

**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on March 18, 2015.

*/s/ Vernon M. Winters*