**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No.: 6:15-cv-00060 |
| | § | |
| GREAT WEST CASUALTY COMPANY; | § | |
| *Defendant*. | § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT[1]

Abraham Lincoln said that patents "added the fuel of interest to the fire of genius in the discovery and production of new and useful things."[2] Plaintiff Intellectual Ventures II LLC agrees. Plaintiff believes that ideas are valuable and works to make applied research more profitable, such that it will attract private investment and ultimately increase the number of inventions. To support these goals, Plaintiff files this Original Complaint for Patent Infringement against Defendant Great West Casualty Company, and alleges as follows:

## I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

[1] Plaintiff files this Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). Defendants filed their Motion to Transfer Venue on March 13, 2015 (Dkt. No. 13). April 6, 2015 was 21 days after service of Defendants' Motion to Transfer Venue pursuant to Fed. R. Civ. P. 6(a). Pursuant to Fed. R. Civ. P. 6(d), when a party must act within a specified time after service, three days are added after the period would otherwise expire when service is made pursuant to Rule 5(b)(2)(C), (D), (E), or (F). In this case, service was made via Rule 5(b)(2)(E). Therefore, the deadline for Plaintiff to amend its pleading as a matter of course is April 9, 2015.

[2] Lecture 'Discoveries, Inventions and Improvements' (22 Feb 1860) in John George Nicolay and John Hay (eds.), *Complete Works of Abraham Lincoln* (1894), Vol. 5, 113. In Eugene C. Gerhart, *Quote it Completely!* (1998), 802

## II. THE PARTIES

2. Plaintiff **Intellectual Ventures II LLC** is a Delaware limited liability company having its principal place of business at 3150 139th Ave SE, Bellevue, Washington 98005.

3. Defendant **Great West Casualty Company** ("Great West") is a Nebraska registered corporation having its principal place of business at 1100 West 29th Street, South Sioux City, Nebraska 68776. Great West is an insurance company that does business in the State of Texas, including in the Eastern District of Texas, and can be served with process through its Attorney for Service as listed with the Texas Department of Insurance, David Sargent, 901 Main Street, Suite 5200, Dallas, Texas 75202.

## III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant maintains continuous and systematic contacts within this District by its relationship with insurance agents, adjusters, and customers. Through these contacts, Defendant encourages agents throughout the District to sell and market its insurance services to businesses and individuals throughout this District. Defendant also collects premium payments from businesses and individuals throughout this District. Further, Defendant receives, processes, and adjusts claims, either directly or through independent adjusters throughout this District, where such claims are based on events that have occurred within this District.

6. This Court has specific personal jurisdiction over Defendant pursuant to due process and the Texas Long Arm Statute because Defendant resides in this District. Additionally, Defendant, directly or through intermediaries, has conducted and conducts

substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## IV. BACKGROUND

7. Intellectual Ventures was founded in 2000 on the fundamental premise that inventions are valuable. Since its founding, Intellectual Ventures and its related entities – including Plaintiff Intellectual Ventures II LLC – have built on this premise by working to ensure that a market for invention continues to thrive. Intellectual Ventures creates inventions and files patent applications for those inventions, collaborates with others to develop and patent inventions, and acquires and licenses patents from individual inventors, universities, and other institutions.

8. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures has committed over $6 billion dollars in capital for inventions in an attempt to bring various inventions to the marketplace. Through its efforts in working with some of the world's most

innovative and successful technology companies, Intellectual Ventures has earned more than $3 billion by licensing these patents to these companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

9. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas, resulting in the filing of hundreds of patent applications on its inventions every year. Intellectual Ventures' significant investments in its own research and development efforts and resulting patent applications makes it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

10. Intellectual Ventures also invents by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

11. This cause of action asserts infringement of patents that Plaintiff acquired as part of its effort to create an efficient market for inventions. This case involves United States Patent No. 7,516,177 B2, entitled "Apparatus for Distributing Content Objects to a Personalized Access Point of a User Over a Network-based Environment and Method" (the "'177 Patent") and United States Patent No. 8,929,555 B2, entitled "Data Encryption Systems and Methods" (the "'555

Patent") (collectively the "Patents-in-Suit").

12. On April 7, 2009, the '177 Patent was duly and lawfully issued by the United States Patent & Trademark Office. A copy of the '177 Patent is attached hereto as Exhibit A.

13. Intellectual Ventures II LLC is the owner and assignee of all rights, title, and interest in and to the '177 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

14. On January 6, 2015, the '555 Patent was duly and lawfully issued by the United States Patent & Trademark Office. A copy of the '555 Patent is attached hereto as Exhibit B.

15. Intellectual Ventures II LLC is the exclusive licensee to the '555 Patent and holds the exclusive right to sue and recover damages for infringement thereof, including past damages.

16. Great West is a member of the Old Republic group of insurance companies. Old Republic International Corporation is Great West's ultimate parent holding company.

17. Great West offers a variety of insurance products and related services throughout the United States, including Texas. To support its customers and agents, Defendant maintains at least one office in Arlington, Texas, at which it employs multiple employees to support its many customers. Through this and other locations, Defendant maintains consistent and ongoing business relationships with insurance agents throughout the Eastern District of Texas, including but not limited to Capps Insurance Agency in Mount Pleasant, Texas, and Onley Insurance Agency in Winnsboro, Texas. Defendant also maintains consistent and ongoing relationships with repair shops throughout the Eastern District of Texas, such as BBS Truck in Texarkana, Texas, and Beaumont Freightliner of Beaumont, Texas. Defendant maintains these relationships to support customers and generate continuous business from customers in the Eastern District of Texas.

18. Great West provides online services and other systems via electronic means to these and other insurance agents as well as to customers throughout Texas, including the Eastern District of Texas. These online services and systems include, but are not limited to, the web sites https://ssl.gwccnet.com and http://www.oldrepublicinsurancegroup.com/great-west-casualty.php. Additionally, Great West uses and maintains computer systems and software in the course of their business, including, but not limited to, provision of online services. In connection with these online services and other systems, Great West infringes one or more claims of the '177 Patent and '555 Patent.

## V. CLAIMS

19. The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein.

20. Based on the above-described services and products, Intellectual Ventures asserts the following against Defendant:

### Claim 1 - Direct Patent Infringement of the '177 Patent

21. Great West has directly infringed and continues to infringe at least claim 1 of the '177 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Plaintiff's authority, system(s) used to implement the portal website accessed via http://ssl.gwccnet.com. By way of example only and without limiting Plaintiff's claims to this specific example, Great West's implementation and use of system(s) used to implement the portal website accessed via http://ssl.gwccnet.com infringes at least claim 1 of the '177 Patent.

22. Intellectual Ventures II has been injured and seeks damages to adequately compensate it for Defendant's infringement of the '177 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

23. Defendant will continue to infringe the '177 Patent unless enjoined by this Court. Intellectual Ventures II therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Defendant from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the '177 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '177 Patent.

**Claim 2 - Direct Patent Infringement of the '555 Patent**

24. Great West has directly infringed and continues to infringe at least claim 7 of the '555 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Plaintiff's authority, system(s) used to implement the portal website accessed via http://www.oldrepublicinsurancegroup.com/great-west-casualty.php. By way of example only and without limiting Plaintiff's claims to this specific example, Great West's implementation and use of system(s) and method(s), such as Transport Layer Security, Version 1.2 used to implement the portal website accessed via http://www.oldrepublicinsurancegroup.com/great-west-casualty.php infringes at least claim 7 of the '555 Patent.

25. Intellectual Ventures II has been injured and seeks damages to adequately compensate it for Defendant's infringement of the '555 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

26. Defendant will continue to infringe the '555 Patent unless enjoined by this Court. Intellectual Ventures II therefore requests that this Court enter an order under 35 U.S.C. § 283

permanently enjoining Defendant from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the ’555 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ’555 Patent.

## VI. NOTICE

27. The allegations of paragraphs 1-26 above are incorporated by reference as if fully set forth herein.

28. At least by filing and serving this Original Complaint for Patent Infringement, Plaintiff has given Defendant written notice of its infringement.

## VII. DAMAGES

29. The allegations of paragraphs 1-28 above are incorporated by reference as if fully set forth herein.

30. For the above-described infringement, Plaintiff has suffered injury and seeks damages to compensate it adequately for Defendant’s infringement of the Patents-in-Suit. Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## VIII. JURY DEMAND

31. Plaintiff requests a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A judgment in favor of Plaintiff that Defendant has infringed the ’177 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring Defendant to pay Plaintiff’s damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant’s infringement of the ’177

Patent, as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. An order under 35 U.S.C. § 283 permanently enjoining Defendant from continuing to make, use, sell, offer to sell, and/or import into the United Stats the products and processes accused of infringing the ’177 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ’177 Patent;

d. A judgment in favor of Plaintiff that Defendant has infringed the ’555 Patent, whether literally or under the doctrine of equivalents, as described herein;

e. A judgment and order requiring Defendant to pay Plaintiff’s damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant’s infringement of the ’555 Patent, as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

f. An order under 35 U.S.C. § 283 permanently enjoining Defendant from continuing to make, use, sell, offer to sell, and/or import into the United Stats the products and processes accused of infringing the ’555 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ’555 Patent; and

g. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DEREK GILLILAND ATTORNEY-IN-CHARGE**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com

**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-5389

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas 75503
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

**EDWARD CHIN**
TEXAS STATE BAR NO. 50511688
edchin@me.com
**ANDREW WRIGHT**
TEXAS STATE BAR NO. 24063927
andrewjwright@me.com
**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**CHRISTIAN HURT**
TEXAS STATE BAR NO. 24059987
christianhurt@nixlawfirm.com
**ROSS LEONOUDAKIS**
TEXAS STATE BAR NO. 24087915
rossl@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Ste. 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

**COUNSEL FOR PLAINTIFF**
**INTELLECTUAL VENTURES II LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 9th day of April, 2015.

Respectfully submitted,

**DEREK GILLILAND ATTORNEY-IN-CHARGE**