# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **Intellectual Ventures II LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 6:18-CV-00299-JRG |
| § | |
| **Great West Casualty Company,** § | |
| § | |
| *Defendant*. § | |

**PLAINTIFF'S MOTION TO RECONSIDER FINAL JUDGMENT (DOCKET NUMBER 102) UNDER RULE 59(e) TO INCLUDE PREJUDGMENT INTEREST**

## I. INTRODUCTION

Plaintiff Intellectual Ventures II LLC ("IV") respectfully asks this Court pursuant to Federal Rule of Civil Procedure 59(e) to reconsider its Final Judgment and add $363,388.97 in prejudgment interest to its award of compensatory damages for Great West Casualty Company's ("Great West") direct infringement of U.S. Patent No. 7,516,177 ("'177 Patent"). *See* (Dkt. No. 102).

## II. BACKGROUND

IV filed suit against Great West on January 20, 2015, claiming that Great West directly infringed its '177 patent. *Intellectual Ventures II LLC v. Great West Casualty Company*, Case 6:15-cv-00060 (Dkt. No. 1). After a four-day jury trial, the jury returned a verdict in favor of IV finding that Great West infringed Claim 14 of the '177 Patent and that IV was entitled to $1,500,000 in compensatory damages. *See Intellectual Ventures II LLC v. Great West Casualty Company*, Case 6:15-cv-00060 (Dkt. No. 102). The Court entered its Final Judgment on March 18, 2019, absent from which is an award of pre-judgment interest. *Id*. Through the instant motion, IV now seeks to amend this final judgment for the inclusion of an award of prejudgment interest amounting to $363,388.97

## III. APPLICABLE LAW

The instant motion presents a purely procedural question under Rule 59 and the law of the Fifth Circuit, therefore, applies. *See Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 638 (Fed. Cir. 2011). Under Fifth Circuit case law, a district court is justified in using its discretion to grant a Rule 59(e) motion in the following situations: (1) "'allowing a party to correct manifest errors of law or fact;' (2) 'to present newly discovered evidence;' and (3) 'when there has been an intervening change in the controlling law.'" *OPTi Inc. v. Via Techs., Inc.*, No. 2:10-CV-00279-

JRG, 2015 U.S. Dist. LEXIS 11516, at *4 (E.D. Tex. 2015) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Rule 59(e) is the proper procedural mechanism to amend a judgment to include prejudgment interest. *See Heck v. Triche*, 775 F.3d 265, 276-77 (5th Cir. 2014); *Natilus, Inc. v. Icon Health & Fitness, Inc.*, No. SA-16-CV-00080-RCL, 2018 U.S. Dist. LEXIS 76809, at *2-3 (W.D. Tex. 2018) ("And while Rule 59 motions are generally disfavored, they are the appropriate vehicle to update damages numbers and to amend judgments to include pre-and post-judgment interest."). The Fifth Circuit has recognized this fact, stating: "[T]he Supreme Court has held that a postjudgment motion for discretionary or *mandatory* prejudgment interest is a Rule 59(e) motion . . . ." *Heck*, 775 F.3d at 276-77 (emphasis in original).

## IV. ARGUMENT

### A. IV Is Entitled to an Award of Pre-Judgment Interest

Here, amending the Court's Final Judgment to include an award of prejudgment interest would constitute a "correct[ion] of [a] manifest error[] of law or fact," making such an amendment proper under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, Civil Action No. 4:144-CV-00371, 2017 U.S. Dist. LEXIS 63976, at *11 (E.D. Tex. 2017). In *GM Corp. v. Devex Corp.*, the United States Supreme Court articulated the proper standard for awarding prejudgment interest in patent infringement suits under 35 U.S.C. § 284. 461 U.S 648, 657. The Court held "that prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Id*.

The one "justification" allowing for the denial of prejudgment interested specifically identified by the Court was if the "patent owner ha[d] been responsible for undue delay in prosecuting the lawsuit." *Id*.; *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-820, 2018 U.S. Dist. LEXIS 161502, at *6 (D. Minn. 2018) ("The only recognized reason to withhold

prejudgment interest is where 'the patent owner has been responsible for undue delay' in enforcing its patent rights.") (quoting *GM Corp. v. Devex Corp.*, 461 U.S. 648, 657) (1983)). Further, the defendant must also articulate the prejudice it has incurred as a result of this delay before a patent owner can rightfully be denied its prejudgment interest. *See Lummus Indus. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) ("[A]bsent prejudice to the defendants, any delay by [the patent owner] does not support the denial of prejudgment interest."); *Golden Hour Data Sys. v. emsCharts, Inc.*, No. 2:06-CV-381-JRG, 2014 U.S. Dist. LEXIS 187242, at *10 (E.D. Tex. 2014).

Great West has not pointed to—nor can it point to—any evidence showing either delay on the part of IV in prosecuting its patent or any prejudice it is suffered as a result. As the factual record demonstrates, the date of first infringement occurred in July 2013. *See* Case 6:18-cv-00299 (Dkt. No. 106) Tr. 13:19-24. Thus, there exists a gap of less than two years between this date of first infringement and the date IV initiated its lawsuit against Great West. *See Intellectual Ventures II LLC v. Great West Casualty Company*, Case 6:15-cv-00060 (Dkt. No. 1). Without more, this period of time cannot justify depriving IV of the pre-judgment interest it is rightfully entitled to. *See Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574, 587 (E.D. Tex. 2012) ("[T]he withholding of prejudgment interest based on delay is the exception, not the rule . . . .") (quoting *Lummus Indus.*, 862 F.2d at 275)).

To demonstrate, in *Medtronic Vascular, Inc. v. Bos. Sci. Corp.* this Court awarded a patent owner pre-judgment interest despite allegations by the defendant that the patent owner delayed for five years in bringing its infringement suit. No. 2-06-CV-78 (TJW), 2009 U.S. Dist. LEXIS 4718, at *4 (E.D. Tex. 2009). This Court found that a pre-judgment interest award was nonetheless proper as there was no evidence that this delay was the product of the patent owner engaging in "litigation tactics" meant to artificially inflate the defendant's liability. *Id*. Just as in *Medtronic Vascular*, here there is also an absolute lack of evidence supporting the proposition that IV, in any

way, engaged in the sort of delay tactics meant to increase Great West's liability. *See id*. This absence of evidence rebutting the propriety of awarding prejudgment interest necessitates the awarding of such. *See Internet Machs. LLC v. Alienware Corp.*, No. 6:10-cv-23, 2013 U.S. Dist. LEXIS 115723, at *69-70 (E.D. Tex. 2013); *GM Corp.*, 461 U.S. at 658 (Stevens, J., concurring) (recognizing that § 284 creates a "presumption favoring the award of prejudgment interest in the ordinary case.").

### B. The Prejudgment Interest Award Amounts to $363,388.97.

"The interest rate used to calculate prejudgment interest and the method and frequency of compounding are left to the discretion of the district court." *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F. Supp. 2d 802, 855 (E.D. Tex. 2012). "[T]he 'standard practice in the Eastern District of Texas is to award prejudgment interest at the prime rate, compounded quarterly." *Erfindergemeinschafter UropPep GbR v. Eli Lilly & Co.*, 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 75517 (E.D. Tex. May 18, 2017 (Bryson, J., sitting by designation) (collecting cases). Finally, the appropriate time period to measure prejudgment interest is "from the date of infringement to the date of final judgment." *Creative Internet Advert. Corp. v. Yahoo! Inc.*, 689 F. Supp. 858, 862 (E.D. Tex. 2010).

Here, the date of first infringement is July 1, 2013 and the date of this Court's final judgment is March 18, 2019. *See Intellectual Ventures II LLC v. Great West Casualty Company*, Case 6:15-cv-00060 (Dkt. No. 1); Case 6:18-cv-00299 (Dkt. No. 106) Tr. 13:19-24. Application of the prime rate, compounded quarterly, results in a prejudgment interest award of $363,388.97. Exhibit A, Affidavit of Michael Lasinski. A full explanation, with accompanying calculations, for how this pre-judgment interest was reached has been provided to the Court by an affidavit prepared by IV's testifying expert on the issues of damages, Mr. Michael Lasinski, attached hereto as Exhibit A.

V. **CONCLUSION**

Pursuant to Rule 59(e), IV respectfully asks this Court to reconsider its Final Judgment (Dkt. No. 102) and include add $363,388.97 in prejudgment interest to its award of compensatory damages for Great West's direct infringement of the '177 Patent.

Respectfully submitted,

By: *Karl Rupp*
**Karl Rupp**
Texas State Bar No. 24035243
Ross Leonoudakis
Texas State Bar No. 24087915
Winn Cutler
Texas State Bar No. 24084364
NIX PATTERSON L.L.P.
1845 Woodall Rodgers Frwy., Ste. 1050
Dallas, Texas 75201
972.831.1188 (telephone)
972.444.0716 (facsimile)
krupp@nixlaw.com
rossl@nixlaw.com

Derek Gilliland
Texas State Bar No. 24007239
Ty Wilson
Texas State Bar No. 24106583
NIX PATTERSON L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlaw.com
twilson@nixlaw.com
**ATTORNEYS FOR PLAINTIFF
INTELLECTUAL VENTURES II, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF filing system on this 15th day of April 2019.

*/s/ Karl Rupp*
_____
Karl Rupp

**Plaintiff's Motion to Reconsider Final Judgment Under Rule 59(e) to Include Prejudgment Interest**