# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> GREAT WEST CASUALTY COMPANY, § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 6:18-CV-00299-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Intellectual Ventures II LLC's ("IV") Motion to Reconsider Final Judgment under Rule 59(e) to Include Prejudgment Interest (the "Motion"). (Dkt. No. 116.) Having considered the Motion and for the reason set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-AS-MODIFIED**.

A jury trial commenced in this case on March 8, 2019, and on March 13, 2019, the jury reached and returned its verdict finding that Defendant Great West Casualty Company ("Great West") infringed Claim 14 of U.S. Patent No. 7,516,177 (the "'177 Patent"); that Claim 14 of the '177 is not invalid; and that IV was entitled to recover $1,500,000 in compensatory damages from Great West. (Dkt. No. 99.) A final judgment was entered in this case on March 18, 2019. (Dkt. No. 102.) In the final judgment, the Court made no mention of prejudgment interest. (*Id*.) On April 15, 2019, IV filed the instant Motion seeking to have the Court award IV prejudgment interest. (Dkt. No. 116.) Great West filed its response on April 30, 2019. (Dkt. No. 119.) In the response, Great West "does not dispute that some amount of prejudgment interest may be awarded." (*Id*. at 1.) As such, the only issue for the Court to decide is what rate should be used to calculate the

prejudgment interest; the award of such prejudgment interest to be included by amendment in the final judgment in this case.

"The rate of prejudgment interest and whether it should be compounded 'are matters left largely to the discretion of the district court.'" *Erfindergemeinschafter UropPep GbR v. Eli Lilly & Co.*, 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 75517 at *23 (E.D. Tex. May 18, 2017) (Bryson, J., sitting by designation) (quoting *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986)). "Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988).

Great West urges that the appropriate rate for the prejudgment interest is tied to the 5-year Treasury Bill ("T-Bill") rate as there is no evidence that IV has borrowed money at any rate, or took on debt that it could have otherwise avoided if it received the damages award. (Dkt. No. 119 at 4.) IV identifies precedent from both this Court and elsewhere that application of the prime rate is standard practice in the Eastern District of Texas. *Erfindergemeinschafter UropPep*, 2017 U.S. Dist. LEXIS 75517 at *23–24 ("[T]he "standard practice" in the Eastern District of Texas is to award prejudgment interest at the prime rate, compounded quarterly.") (collecting cases). Further, IV argues that the Federal Circuit does not require "a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).

Great West also argues that a lower rate is appropriate because IV waited more that 18 months to file its complaint since the date of first infringement. (Dkt. No. 119 at 4.) IV, however, responds that Great West failed to show that this delay was truly "*undue*." (Dkt. No. 121 at 4 (emphasis in original).) Further, IV alleges that Great West failed to put forward any evidence

indicating that the 18-month time gap was a "litigation tactic." (*Id*. at 5.) Finally, IV highlights that Great West sought out, and was granted, a stay of these proceedings for 19 months. (*Id*.)

Regardless, the Court is invested with ample discretion with which to set the rate it believes appropriate, as this Court is in the best position to ascertain, on a case-by-case basis and considering the totality of the circumstances, the rate it believes most appropriate for a given award.

The Court has done so and, in this case, finds that an award of prejudgment interest, calculated at the prime rate, compounded quarterly, from the date of the infringement is appropriate. Accordingly, IV's Motion is **GRANTED**.

Accordingly, IV is hereby awarded **$358,041.00** in prejudgment interest, and the Court will hereafter amend its judgment in this case accordingly.

**So ORDERED and SIGNED this 30th day of March, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE